UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

1700 UNIVERSE, LLC                                                                                     PLAINTIFF

V.                                                                CIVIL ACTION NO. 3:25-CV-206-DPJ-ASH

SENECA INSURANCE COMPANY, INC.                                                        DEFENDANT

ORDER

This matter is before the Court *sua sponte* to address subject-matter jurisdiction concerning Plaintiff 1700 Universe, LLC's recently filed (and now correct) Rule 7.1 Corporate Disclosure Statement [15] and Defendant Seneca Insurance Company, Inc.'s Notice of Removal [1].

On April 1, 2025, the Court ordered the parties to file complete Rule 7.1 disclosure statements by April 15, 2025. Order [6]. 1700 Universe filed its disclosure statement, but it failed to properly allege the citizenship of its members. The Court then gave 1700 Universe another opportunity to file a complete Rule 7.1 disclosure statement. Order [10]. That Order also warned 1700 Universe of the consequences for failing to comply:

> Should 1700 Universe fail to file a complete disclosure statement that complies with Rule 7.1 and this Order, **the Court will set the matter for an in-person hearing at which sanctions may be assessed**.

*Id.* at 4.

On April 18, 2025, 1700 Universe filed its second disclosure statement. Disclosure Stmt. [11]. Because it again failed to clearly allege its members, the Court set an in-person hearing to address the deficient Rule 7.1 disclosure statements:

> The Court therefore sets this case for an in-person hearing at 2:00 p.m. on May 8, 2025, in Courtroom 5D of the Thad Cochran United

1

States Courthouse, 501 East Court Street, Jackson, Mississippi 39201. Counsel for both parties shall attend.

Order [12] at 2.

On April 28, 2025, 1700 Universe filed its third (and now correct) disclosure statement. Disclosure Stmt. [15]. Specifically, it clearly names all individual members and *all* members of each member LLC. *I.e.*, ("**All** members of 1700 Universe, LLC are: 1. Elahe Nejat, a citizen of California, 2. Ploutos US, LLC a limited liability company, whose **only** member is Javier Hinojo, a citizen of North Carolina . . . ."). Because 1700 Universe has satisfied its obligations, the Court finds the in-person hearing is no longer necessary.[1]

A discrepancy, however, remains in the Notice, which Seneca must address. Seneca removed this case on the basis of diversity under 28 U.S.C. § 1332(a)(1), which provides that federal courts have original subject-matter jurisdiction where the matter in controversy exceeds $75,000, exclusive of interests and costs, and is between citizens of different states. As the removing party, Seneca has the burden of establishing jurisdiction. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)). "'[A]nd any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (citation omitted).

In its Notice, Seneca says 1700 Universe "is a limited liability company whose only member, Javier Hinojo, is a resident citizen of the State of North Carolina." Notice [1] ¶ 5. But because 1700 Universe identifies seven members in its corporate disclosure statement, Seneca's

---

[1] Although the hearing is no longer necessary, it would still be warranted. The Court has devoted considerable resources to addressing deficient Rule 7.1 disclosures. *See* Orders [6], [10], [12]; *1700 Universe, LLC v. Seneca Ins. Co., Inc.*, 3:24-CV-560-DPJ-ASH, at Orders [7], [12], [17], [19]. This should not happen. Indeed, compliance with Rule 7.1 should not require any court intervention. Nonetheless, in the interest of economy, the Court will cancel the May 8 hearing.

2

allegation that Javier Hinojo is 1700 Universe's only member is incorrect. As to its own citizenship, Seneca says it is "a New York corporation, [] wholly-owned by The North River Insurance Company." *Id.* ¶ 6. But ownership is irrelevant to a corporation's citizenship. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) ("[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as well as the state of its incorporation.") (quoting *Neeley v. Banker Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985)). Although Seneca filed its corporate disclosure statement, it fails to state its principal place of business. The Court therefore finds Seneca has failed to establish all parties' citizenship in its Notice and its own citizenship in its Rule 7.1 disclosure statement.

IT IS, THEREFORE, ORDERED that the in-person hearing set for 2:00 p.m. on May 8, 2025, in Courtroom 5D of the Thad Cochran United States Courthouse, 501 East Court Street, Jackson, Mississippi 39201, is canceled.

IT IS FURTHER ORDERED that Seneca Insurance Company, Inc. shall file a corrected and complete Rule 7.1 disclosure statement by May 8, 2025.

IT IS FURTHER ORDERED that Seneca Insurance Company, Inc. shall file an amended Notice of Removal and properly allege the citizenship of all parties—including itself—by May 8, 2025. Failure to comply with this order within the time permitted may result in the entry of an order of remand without further notice.

**SO ORDERED AND ADJUDGED** this the 1st day of May, 2025.

s/ *Andrew S. Harris*<br>UNITED STATES MAGISTRATE JUDGE