UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

1700 UNIVERSE, LLC                                                                                    PLAINTIFF

v.                                                                              CIVIL NO. 3:25-CV-206-DPJ-ASH

SENECA INSURANCE CO., INC.                                                                  DEFENDANT

ORDER

Defendant Seneca Insurance Co., Inc. seeks dismissal [4] under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. The Court denies the motion.

I.   Background

   A.   Facts

Seneca insured commercial real estate owned by 51 Mart, LLC in Jackson, Mississippi. Policy [4-1]. On April 17, 2022, the insured property suffered "damage from wind, hail and water." Compl. [1-1] ¶ 6. About a year later, 51 Mart sold the property to Plaintiff 1700 Universe, LLC. *Id.* ¶ 8. The sale included an "Assignment of Insurance Claim Benefits and Assignment of Claim." State Ct. R. [2] at 31–32 (Assignment). Though the agreement expressly limited the assignment to the April 17, 2022 claim, *id.* at 31, Seneca says the assignment violated this non-transfer provision in 51 Mart's Policy: "Your rights and duties under this policy may not be transferred without our written consent except in the case of death of an individual named insured," Policy [4-1] at 7. Seneca therefore believes 1700 Universe suffered no injury in fact and lacks standing to sue.

   B.   Proceedings

1700 Universe sued Seneca in the Circuit Court of Hinds County, Mississippi, but Seneca removed the case to this Court on March 25, 2025, asserting diversity jurisdiction under 28

U.S.C. § 1332(a). Not. [1] at 1. After some difficulty, Seneca established diversity jurisdiction. *See* Orders [6, 10, 12, 17]; Am. Not. [20]. But Seneca says the Complaint should be dismissed because 1700 Universe lacks constitutional standing. Mot. [4] at 1.

II.     Standard

"Under Rule 12(b)(1), a claim is 'properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate' the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)).

III.    Discussion

    A.     Constitutional vs. Prudential Standing

Seneca says 1700 Universe lacks standing to pursue this case. Def.'s Mem. [5] at 5. The first issue is whether Seneca's argument invokes constitutional standing—as it urges—or prudential standing.

The Constitution limits the judicial power of the United States to "Cases" and "Controversies." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998) (quoting U.S. Const. art. III, § 2). To establish constitutional standing under Article III, a plaintiff must show three things: (1) an injury in fact (2) which is traceable to the defendant's alleged misconduct and (3) which can likely be remedied or redressed by a favorable judgment. *Denning v. Bond Pharmacy, Inc.*, 50 F.4th 445, 450 (5th Cir. 2022).

Under the "prudential" standing doctrine, a party with constitutional standing may still be the wrong person to bring a claim. *Abraugh v. Altimus*, 26 F.4th 298, 304 (5th Cir. 2022). But

prudential standing is "a merits question," not a jurisdictional one. *Id.* (quoting *Norris v. Causey*, 869 F.3d 360, 367 (5th Cir. 2017)).

Here, Seneca makes a constitutional-standing argument that 1700 Universe suffered no injury in fact because the assignment violated the Policy's non-transfer provision. Def.'s Mem. [5] at 5–6. In other words, "Plaintiff is alleging breach of a Contract to which it is not a party and has no privity of contract." *Id.* at 11. That argument appears to invoke "the general prohibition on a litigant's raising another person's legal rights." *Maxim Crane Works, L.P. v. Zurich Am. Ins. Co.*, 11 F.4th 345, 351 (5th Cir. 2021) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014)). If so, then prudential standing—not constitutional standing—applies.

The Fifth Circuit addressed this issue in *Maxim* when the parties disputed whether Maxim was an additional insured under an insurance policy. *Id.* at 349–50. Like Seneca, the insurance defendant argued that the plaintiff lacked "a contractual right to bring this suit." *Id.* at 350; *see also* Def.'s Mem. [5] at 1 ("Plaintiff lacks standing to file suit against Seneca as it is an outsider to the contract."). Before addressing the merits, the Fifth Circuit explained that the dispute invoked contractual standing—a form of prudential standing:

> "Article III standing speaks to the power of a court to adjudicate a controversy; contractual standing speaks to a party's right to relief for breach of contract." [*SM Kids, LLC v. Google LLC*, 963 F.3d 206, 211 (2d Cir. 2020).] So where, as here, a case turns on the validity of an assignment of contractual rights, that is not "a question of Article III standing" but "one of contractual standing." *Id.*

*Id.* at 351. In sum, "contractual standing is distinct from Article III standing and does not implicate subject-matter jurisdiction." *Id.* (quoting *SM Kids, LLC*, 963 F.3d at 211).

Other circuits take the same view. For example, Seneca includes a quote in its reply brief from a case explaining "the *prudential rule* that a litigant cannot sue to enforce the legal rights of another." Def.'s Reply [18] at 4 (emphasis added) (quoting *Edgewood Manor Apartment Homes, LLC v. RSUI Indem. Co.*, 733 F.3d 761, 771 (7th Cir. 2013) (examining difference between constitutional and prudential standing)).

The Court recognizes that neither party addressed prudential standing. Assuming it applies, then the Article III arguments cannot prevail. Nor would a motion under Rule 12(b)(1). "[U]nlike a dismissal for lack of constitutional standing, which should be granted under Rule 12(b)(1), a dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." *Maxim*, 11 F.4th at 350 (quoting *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011)). Without argument from the parties on this potentially decisive issue, the Court concludes that the motion should be denied.

The Court also notes that prudential standing—if that is the correct approach—appears to exist. Even Seneca concedes, repeatedly, that the proceeds of the insured's claim are assignable under Mississippi law despite anti-assignment clauses. Def.'s Mem. [5] at 1, 10–11; Def.'s Reply [18] at 8; *see Merchs. & Farmers Bank v. McClendon*, 220 So. 2d 815, 821 (Miss. 1969) (citing 6 Am. Jur. 2d *Assignments* § 16 (1963)[1]). That's true. And based on that law, the district court in *Titan Exteriors, Inc. v. Certain Underwriters at Lloyd's, London*, held that post-loss assignments are valid despite non-assignment clauses. 297 F. Supp. 3d 628, 631–32 (N.D.

---

[1] Now at 6 Am. Jur. 2d *Assignments* § 23 (2025).

Miss. 2018) (denying motion to dismiss complaint asserting breach-of-contract, bad-faith, negligence, and gross-negligence claims).[2]

Seneca tries to distinguish *Titan Exteriors* by arguing that 51 Mart tried to assign the Policy to 1700 Universe not just the proceeds of this claim. *See* Def.'s Mem. [5] at 10. But the assignment conveys all "rights, title, and interest in and to any and all insurance policy or policies held by Assignor ***for*** *damages sustained specific to storm damage that occurred on April 17th, 2022*." State Ct. R. [2] at 31 (Assignment) (emphasis added). "The purpose of this document is to seek insurance funds for Claim 2[, defined as the April 17, 2022 claim,] so Assignee can make repairs to the building." *Id.* at 32. Thus, 51 Mart did not assign its policy to 1700 Universe—something it could not do—it assigned only this claim.

IV.  Conclusion

The Court denies Seneca's Rule 12(b)(1) motion to dismiss [4]. This denial is without prejudice because the parties have not briefed the issues. *See Nationwide Bi-Wkly. Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 141 (5th Cir. 2007) (addressing successive Rule 12(b) motions). If Seneca wishes to file another motion, then it must do so within 10 days of this Order. If not, the parties are instructed to contact the magistrate judge no later than November 3, 2025, to set a case management conference.

**SO ORDERED AND ADJUDGED** this the 22nd day of October, 2025.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] The claims in *Titan Exteriors* were not mentioned in the opinion but are in the public record. *See* Compl. [1] (No. 1:17-CV-178-GHD-DAS, N.D. Miss.).